BOWEN v. HACKNEY.

(Filed October 11, 1904).

For head-note to this case, see *Bowen v. Hackney*, at this term, 136 N. C., *ante*, p. 187.

ACTION by W. D. Bowen, executor of Orpah Bowen, against George Hackney and others, heard by *Judge W. B. Council,* at February Term, 1904, of the Superior Court of WILSON County. From a judgment for the defendants the plaintiff appealed.

*Small & McLean* and *S. G. Bragaw,* for the plaintiff.
*F. A. Woodard* and *Connor & Connor,* for the defendants.

WALKER, J. This action to recover a legacy alleged to have been given to the plaintiff's wife by the will of her father must be governed by the decision in *Bowen v. Hackney* at this term, 136 N. C., *ante*, p. 187. In the latter case we held that, upon a fair construction of the will in accordance with the intention of the testator as manifested by his words, and in the light of such rules of law as were applicable, the plaintiff did not acquire title to the lot in question by virtue of his wife's will, the "representatives" mentioned in her father's will being those only who could claim under Orpah (Hackney)

Bowen as their ancestor, and, in default of such persons, the property went to the other surviving children and the representatives of any who may have died during the continuance of the life estate; the division as respects such representatives of a deceased child to be *per stirpes,* that is, they should receive only the share of their said ancestor. This was based upon a consideration of the leading idea and paramount intent of the testator, that his property should go to his children living at the death of Mrs. Bowen or their descendants who would be of his blood. This construction defeats the plaintiff's recovery of the legacy for which he sues, as he is not able to bring himself within the description of the persons who were evidently intended to be the objects of the testator's bounty. We infer from certain expressions in the will that the testator was not *inops consillii* when it was written, and, while he did not use the best legal phrases to convey his meaning, his words are sufficiently apt for us to gather his intent.

The Court properly decided that the plaintiff is not entitled to any of the personal effects of Willis N. Hackney in the hands of the defendant, George Hackney, his executor.

Affirmed.

CONNOR, J., having been of counsel, did not sit on the hearing of this case.